**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|                                  |   |                                                              |
|----------------------------------|---|--------------------------------------------------------------|
| **UNITED STATES OF AMERICA,**    | * |                                                              |
| **Plaintiff,**                   | * |                                                              |
|                                  | * |                                                              |
| **v.**                           | * | **Criminal Case No.: PWG-01-211**                            |
|                                  | * | **(Civil Case No.: PWG-13-2625)**                            |
| **JEFFREY MCCOY,**               | * |                                                              |
| **Defendant.**                   | * |                                                              |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

On February 6, 2014, the United States filed its opposition to Defendant Jeffrey McCoy's Motion to Vacate pursuant to 28 U.S.C. § 2255. Gov't's Opp'n, ECF No. 42; *see also* Mot. to Vacate, ECF No. 33.[1] That same day, the Government filed an exhibit to its opposition as a "Proposed Sealed Document," ECF No. 41, along with a Motion to Seal, ECF No. 40. Because I find that the Motion to Seal does not provide adequate grounds for sealing, the Motion to Seal will be denied without prejudice.

In addition, on February 6, 2014, Defendant filed a Motion to Set Aside Order Granting Respondent's Motion to Extend Time for Filing a Response to Petition for Writ or Coram Nobis, ECF No. 44. Because the Government now has filed its opposition to Defendant's petition, the motion to set aside can be denied as moot.

---

[1] I note that Defendant contends that his motion has been mischaracterized as a 28 U.S.C. § 2255 motion. *See* Def.'s Mot. to Alter or Amend, ECF No. 35. There is no need to address this contention to resolve the issues discussed here, and therefore I will not do so.

## I.  Motion to Seal

Protection of information contained in filed documents is governed by Federal Rule of Civil Procedure 5.2 and District of Maryland Local Rule 105.11.  Local Rule 105.11 provides:

> Any motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection. . . .

It appears that the Proposed Sealed Document contains information that is protectable under Rule 5.2 and the motion is unopposed.  However, that does not dispense of this Court's obligation to conduct a review under Local Rule 105.11, *see Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 576 (D. Md. 2012), which sets the procedure and standards for requesting that documents be sealed.  The Rule balances the public's common law right to inspect and copy judicial records and documents, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), with competing interests that sometimes outweigh the public's right, *see In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

The United States has not "include[d] . . . proposed reasons supported by specific factual representations to justify the [requested] sealing," in accordance with Local Rule 105.11.  And to the extent that the Proposed Sealed Document contains any information beyond that protectable under Rule 5.2, the Government also has not provided "an explanation why alternatives to sealing would not provide sufficient protection," as required under Local Rule 105.11(b), such as why redactions, as opposed to sealing the records in their entirety, would not provide sufficient protection.  *See Butler*, 876 F. Supp. at 576 ("[T]he court should consider less drastic alternatives to sealing, such as filing redacted versions of the documents").

Accordingly, the Government's Motion to Seal will be DENIED, without prejudice to

refiling the motion with proper support.  The Government SHALL HAVE twenty-one days to file a new motion to seal, or to withdraw the Proposed Sealed Document.  If no action is taken within twenty-one days of this order, the Proposed Sealed Document WILL BE UNSEALED.

## II.    Motion to Set Aside

Defendant asks me to set aside my order granting the Government an extension of time to file its opposition to Defendant's 2255 motion.  Def.'s Mot. to Set Aside.  However, the Government now has filed its opposition, ECF No. 42, and Defendant has replied, ECF No. 45. Accordingly, the motion to set aside shall be DENIED as moot.

## III.    Conclusion

The Government's Motion to Seal shall be DENIED without prejudice; and

Defendant's Motion to Set Aside shall be DENIED as moot.

A separate order shall issue.


Dated: <u>March 10, 2014</u>                                             <u>       /S/       </u>
                                                                                    Paul W. Grimm
                                                                                    United States District Judge
dsy

3