# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | | |
| **v.** | * | **CRIMINAL CASE NO. PWG-01-211** |
| | | |
| | * | **(Civil Case No.: PWG-13-2625)** |
| | | |
| **JEFFREY MCCOY** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

On September 19, 2002, Mr. McCoy appeared before this Court and pled guilty to

possession of a firearm by a person convicted of a crime for which the punishment is more than

one year, a violation of 18 U.S.C. § 922(g)(1); he had possessed a firearm in March 2001, after

having been convicted in the District of Columbia Superior Court in January 2001 of attempted

possession with intent to distribute cocaine. It is undisputed that the predicate offense carried a

maximum prison term of thirty years. *See* D.C. Code § 48-904.01(a)(2)(A); Def.'s Reply 2;

Gov't Opp'n 4. Nonetheless, I must determine whether Defendant's prior conviction failed to

meet the requirements of a felony conviction for purposes of § 922(g)(1), as Defendant argues.[1]

I also must consider whether, alternatively, I should vacate Defendant's conviction due to

ineffective assistance of counsel. Because the record before me is insufficient to determine

---

[1] Defendant filed a petition on September 9, 2013 that the clerk docketed as a motion to vacate under § 2255. ECF No. 33. He then filed a Motion to Alter or Amend Judgment/Order, ECF No. 35, in which he stated that his September 9, 2013 filing was a Petition for Writ of Error Coram Nobis. The Government filed an Opposition to Petition for Writ of Error Coram Nobis, ECF No. 42, and Defendant filed a Reply, ECF No. 45. Because the Court did not enter an Order finding that Defendant's September 9, 2013 filing was a motion to vacate, and because I will construe that filing as a Petition for Writ of Error Coram Nobis, Defendant's Motion to Alter or Amend Judgment/Order is DENIED AS MOOT. His Petition is fully briefed but, for the reasons stated in this Memorandum Opinion Order, Defendant's Petition remains pending. This Memorandum Opinion and Order disposes only of ECF No. 35.

whether Defendant qualified as a person convicted of a crime for which the punishment is more than one year at the time of his guilty plea before this Court, I cannot resolve these issues at this time. Rather, I am requesting additional briefing from the parties.

Through his Petition for a Writ of Error Coram Nobis, Defendant requests that the Court vacate his judgment of conviction. Def.'s Reply 2. A writ of error coram nobis, available pursuant to 28 U.S.C. § 1651, "is an 'extraordinary remedy' and such review 'should be allowed ... only under circumstances compelling such action to achieve justice' or to correct errors 'of the most fundamental character.'" *Oriakhi v. United States*, 2013 WL 524787, at *1 (D. Md. Feb. 12, 2013) (quoting *United States v. Morgan*, 346 U.S. 502, 511 (1954) (internal quotations omitted)). This avenue for relief is not available until "a petitioner has completed the sentence at issue." *Id.* The Government "agree[s] for purposes of this case that *coram nobis* is available for the defendant to request relief." Gov't Opp'n 1.

> To be entitled to coram nobis relief, a petitioner must demonstrate that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." United States v. Bazuaye, 399 F. App'x 822, 824 (4th Cir. 2010) (unpublished) (citing *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)); *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012).

*Oriakhi*, 2013 WL 524787, at *1. The burden is on the petitioner to make a showing sufficient to overcome the Court's presumption that "the underlying proceedings were correct." *Id.* Typically, "[c]oram nobis is . . . available only to remedy 'factual errors material to the validity and regularity of the legal proceeding itself.'" *Id.* (quoting *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotations omitted)). Indeed, "'it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or

appropriate.'" *Id.* (quoting *Carlisle*, 517 U.S. at 429 (quoting *United States v. Smith*, 331 U.S. 469, 476 n. 4 (1947))).

In Defendant's view, he "is 'actually innocent' of 922(g)(1), because at the time of the instant offense, defendant wasn't convicted of an offense that 'could have received a sentence exceeding one year's imprisonment.'" Def.'s Pet. 1. While conceding that he could have been sentenced for up to thirty years imprisonment, *see* Def.'s Reply 2, Defendant maintains that, as "a first time offender," he "was sentenced to 1 year confinement under the Youth Rehabilitation Act" and "2 years supervised probation," with the sentence suspended, and that after the "probation was revoked, . . . the defendant was sentence[d] to 1 year confinement followed by 2 years probation." Def.'s Pet. 1. He contends that "because he was not punished in [his] prior case by imprisonment for a term exceeding one year," his conviction in that case "was not a predicate conviction for purposes of 18 U.S.C. § 922(g)." Def.'s Reply 1–2.

The Government responds that "[t]he fact that the defendant received a suspended sentence under the Youth Rehabilitation Act does not change the fact that the defendant *could* have been sentenced to a much greater period of incarceration." Gov't Opp'n 4. According to the Government, "[t]his conviction under 18 U.S.C. § 922(g) requires merely that the defendant had been convicted 'of a crime punishable by a term of imprisonment exceeding one year.'" *Id.*

Although it is not the case that Defendant's actual sentence determines whether he was a person convicted of a crime for which the punishment is more than one year, neither is it accurate to say that the maximum incarceration period for any defendant applies when determining whether a specific defendant's punishment could have been for more than a year. Defendant relies on a line of cases that reflect a sea change in the courts' assessment of whether

a predicate offense is one for which the punishment is more than one year. In *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005), the defendant had argued that "because the specific facts of his case did not provide any basis for imposition of a sentence exceeding one year, his prior conviction was not for an offense punishable by a term of imprisonment of more than one year." The Fourth Circuit rejected that argument, noting that in *United States v. Jones*, 195 F.3d 205 (4th Cir. 1999), it had "held, in the context of a felon-in-possession-of-firearm conviction, that a prior North Carolina conviction was for 'a crime punishable by imprisonment for a term exceeding one year,' if *any* defendant charged with that crime could receive a sentence of more than one year." *Id.* (citations to § 922(g) omitted). The Fourth Circuit concluded that, "to determine whether a conviction is for a crime punishable by a prison term exceeding one year, *Jones* dictates that [the court] consider the maximum *aggravated* sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." *Id.*

But, as Defendant noted, *Harp* no longer is good law. *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). In *Carachuri–Rosendo v. Holder*, 560 U.S. 563 (2010), in the context of the Immigration and Nationality Act, the Supreme Court rejected the "'hypothetical approach'" that the Court of Appeals had taken, under which the courts "would treat 'all conduct punishable as a felony' as the equivalent of a 'conviction' of a felony whenever, hypothetically speaking, the underlying conduct could have received felony treatment under federal law." *Id.* at 575–76. Then, in *Simmons v. United States*, 130 S. Ct. 3455 (2010), the Supreme Court vacated and remanded "for further consideration in light of *Carachuri-Rosendo*" the Fourth Circuit's decision in *Simmons v. United States*, 340 F. App'x 141 (4th Cir. 2009), in which the appellate court had affirmed the district court's imposition of an enhanced sentence based on its consideration of the defendant's prior state court conviction as a felony

conviction. On remand, the Fourth Circuit stated that the Government could not rely on either "hypothetical aggravating factors" or hypothetical findings that would "expose [the defendant] to a higher sentence" when determining the defendant's maximum imprisonment. *Simmons*, 649 F.3d at 243–44. The Fourth Circuit held that whether the defendant's prior offense was one for which he could have "receive[d] a sentence exceeding one year's imprisonment" depended on the defendant's "'conviction itself,'" and not "the 'mere possibility that [the defendant's] conduct, coupled with facts outside the record of conviction, could have authorized' a conviction of a crime punishable by more than one year's imprisonment." *Id.* at 244–45.

Defendant relies in part on *United States v. Cozart*, U.S. Dist. LEXIS 124881 (E.D.N.C. 2011), in which the district court considered *Simmons* and held that "'because Mr. Cozart was not actually *punished* by a sentence in excess of one year, he cannot, for the purposes of federal sentencing or indictment, be found to have been convicted of a prior felony.'" *United States v. Cozart*, 496 F. App'x 280, 281 (4th Cir. 2012) (quoting district court (emphasis in district court opinion)). On that basis, the district court concluded that the defendant was "'legally innocent of his offense of conviction under § 922(g).'" *Id.* (quoting district court).

However, on appeal, the Fourth Circuit "conclude[d] that the district court misapplied . . . *Simmons*." *Id.* at 280. The Fourth Circuit clarified:

> In *Simmons*, we analyzed a federal statute requiring application of a sentencing enhancement when a defendant had been convicted of a prior drug-related offense "punishable by imprisonment for more than one year." 649 F.3d at 239 (citing 21 U.S.C. §§ 802(44), 841(b)(1)(B)(vii)). In construing this statutory language, we held that federal courts, in determining whether a prior conviction was "punishable" by a term of imprisonment greater than one year, should not look to the maximum sentence that the state court could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a substantial prior criminal record. *Id.* at 243–47. We directed that, instead, federal courts must examine the maximum sentence that the state court could have

imposed on a person with that particular defendant's actual criminal history and
level of aggravation. *Id.*

*Cozart*, 496 F. App'x at 281–82. The appellate court noted that "although *Simmons* was decided

in the context of a sentencing enhancement statute, rather than the validity of the federal

conviction itself, our holding in *Simmons* is equally applicable to [§ 922(g)(1)], which requires as

an element of the firearm offense a predicate conviction for a crime 'punishable' by more than

one year in prison." *Id.* at 282. The Fourth Circuit vacated the district court's order, reinstated

the conviction, and remanded the case. *Id.* at 281.

*Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), is on point. There, the United

States District Court for the Western District of North Carolina convicted Miller "for violating

18 U.S.C. § 922(g)(1)—possession of a firearm by a convicted felon." *Id*. at 142. Miller's two

prior convictions were under North Carolina law for felony possession of cocaine and

threatening a court officer. *Id*. at 143. Notably, "Pursuant to North Carolina's Structured

Sentencing Act, the maximum sentence that *Miller* could have received for either offense—

*based on his prior record level*—was eight months." *Id.* (emphases added). The Fourth Circuit

decided *Simmons*, 649 F.3d 237, after Miller's conviction, and Miller moved to vacate under 28

U.S.C. § 2255, arguing that under *Simmons*, which he contended applied retroactively, "he was

innocent of the firearm offense." *Id*. at 142.

The Fourth Circuit stated that, "[a]fter *Simmons*, an individual is not prohibited from

possessing a firearm unless *he* could have received a sentence of more than one year for at least

one of his prior convictions"; it is no longer relevant whether "a hypothetical defendant charged

with the same crime could have received more than one year in prison." *Id.* at 145 (emphasis

added). Thus, "*Simmons* requires the court to look at how much prison time the defendant was

exposed to given his own criminal history at the time he was sentenced and any aggravating factors that were actually alleged against him." *Id*. at 146. Additionally, when "felony convictions do not qualify as predicate felonies for purposes of federal law, . . . those defendants are actually innocent of the § 922(g)(1) offense of which they were convicted." *Id.* Concluding that "*Simmons* announced a new substantive rule that is retroactive on collateral review," the Fourth Circuit "vacate[d] Miller's conviction and remanded with instructions to the district court to grant his petition." *Id.* at 147.

In sum, the fact that the D.C. Superior Court did not sentence Defendant to more than a year of imprisonment does not mean that his prior conviction was not a crime for which the punishment could have been more than one year based on his own prior conviction history. Similarly, the fact that the statutory maximum for the offense of which he was convicted is greater than a year is not dispositive of the issue either. It is necessary to consider all relevant factors that were presented to the D.C. Superior Court for its decision at sentencing. Because the record before me does not contain the underlying information needed for this review, additional information must be provided. Therefore, the Government is DIRECTED to supplement its briefing by May 5, 2014 to identify (1) the sentencing guidelines that informed the D.C. Superior Court's decision; (2) any information in the record that the court could have considered in making its decision; and (3) the maximum period for which Defendant in particular could have been sentenced, based on the then-applicable sentencing criteria and Defendant's criminal history at the time. Defendant will have until June 2, 2014 to file a response, if any, and the Government will have until June 16, 2014 to file a reply, if any.

Dated: <u>April 7, 2014</u>                                        _____/S/_____

                                                                                Paul W. Grimm
                                                                                United States District Judge